**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



FILED

JUN 15 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JANEL BEHLER, a married woman | No. 16-35643 |
| Plaintiff-Appellant, | D.C. No.<br>2:14-cv-0386-SMJ |
| v. | |
| JANSSEN PHARMACEUTICALS, INC,<br>a New Jersey Corporation | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Eastern District of Washington
Salvador Mendoza, Jr., District Judge, Presiding

Argued and Submitted May 7, 2018
Seattle, Washington

Before: GOULD, IKUTA, Circuit Judges, and FREUDENTHAL,[**] Chief District Judge

Janel Behler appeals the district court's judgment dismissing her action alleging disability discrimination under the Washington Law Against

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The Honorable Nancy D. Freudenthal, Chief United States District Judge for the District of Wyoming, sitting by designation.

1

Discrimination. We review de novo a district court's grant of summary judgment. *Bravo v. City of Santa Maria*, 665 F.3d 1076, 1083 (9th Cir. 2011). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Construing the facts in the light most favorable to Behler, she failed to establish she could perform the essential functions of her job and the district court properly dismissed Behler's claim for disability discrimination. *See Davis v. Microsoft Corp.*, 70 P.3d 126, 131 (Wash. 2003) (en banc). Behler argues Dr. Van Wey's 2016 declaration and the March 2012 letter create an issue of material fact regarding whether she could perform the essential functions of her job. However, Van Wey's 2012 letter only stated Behler planned to return to work and identified accommodations, but did not provide a date for her return. Shortly after she submitted the 2012 letter, Van Wey was asked to review an Independent Medical Evaluation (IME) of Behler. Van Wey expressed her agreement with the IME's conclusion that Behler could not return to work until October 2012. Further, in April 2012, Van Wey's chart notes stated Behler could not return to work in any capacity until October 2012.

In February 2016, Van Wey provided a declaration for the purposes of the lawsuit. In her declaration, Van Wey stated, "I believed that an effort to return [Behler] to work in the spring of 2012, with those accommodations [identified in the 2012 letter,] would have been reasonable, and would have plausibly enabled

2

her to perform the essential functions of her job. . . "**.** However, Van Wey never communicated this belief in 2012. Rather, Van Wey's 2012 statements were clear and unambiguous. Behler could not return to work in any capacity until October 2012. These clear and unambiguous statements leave no issue of material fact for the jury on whether Behler could perform the essential functions of her job, with or without accommodations, in the spring of 2012. Further, even if Van Wey's 2012 statements were ambiguous, the 2016 declaration provides only a scintilla of evidence that Behler could plausibly perform the essential functions of her job with accommodations, had she returned to work in the spring of 2012. *See Triton Energy Corp. v. Square D Co.*, 68 F.3d 1216, 1221 (9th Cir. 1995) ("[t]he mere existence of a scintilla of evidence in support of the non-moving party's position is not sufficient"). The district court did not err in granting summary judgment.

Finally, the district court did not err when it did not consider Janssen's duty to engage in the interactive process. Janssen did not have a duty to engage in the interactive process until Behler could perform the essential functions of her job with or without accommodation. *Clarke v. Shoreline Sch. Dist. No. 412, King Cty.*, 720 P.2d 793, 803 (Wash. 1986) (en banc). Based on the statements in the IME and Van Wey's agreement with the IME, there was no question of fact that in spring 2012, Behler could not perform the essential functions of her job, even with accommodations. Moreover, even if Van Wey's declaration is credited, Janssen did

3

not breach a duty under Washington law to accommodate Behler because Janssen sought information about Behler's disability and was told that Behler could not return to work. *See Davis*, 70 P.3d at 139–40. The district court did not err in granting summary judgment.

**AFFIRMED.**